UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JEFFERSON McLAMB,

                Petitioner,

   -against-                                    ORDER
                                                    06-CV-6319(JS)

COMMISSIONER GOORDE, M.P. CORCORAN,
Superintendent, Cayuga Correctional
Facility,

                Respondents.
----------------------------------X

Appearances:
For Petitioner:    Jefferson McLamb, Pro Se
                     90T1283
                     Cayuga Correctional Facility
                     P.O. Box 1186
                     Moravia, N.Y. 13118

For Respondent:    No appearance

SEYBERT, District Judge:

        Petitioner Jefferson McLamb, currently incarcerated at Cayuga Correctional Facility, brings the instant Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons below, the Court cannot consider the Petition and transfers it to the United States Court of Appeals for the Second Circuit.

        Petitioner has filed several petitions for a writ of habeas corpus in this Court. See McLamb v. Keane, No. 93-1539(TCP), McLamb v. Keane, No. 94-1190(TCP), and McLamb v. Goorde, 05-618 (JS). The instant Petition challenges the same robbery conviction of February 27, 1990, as those in the prior petitions.

        The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "allocates jurisdiction to the courts of appeals, not the

district courts, to authorize successive habeas motions or applications." Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003); 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court lacks jurisdiction over the instant Petition. In the interest of justice, however, the Clerk of the Court shall transfer this Petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. See Torres, 316 F.3d at 151-52 (citing Liriano v. United States, 95 F.3d 119 (2d Cir. 1996) (per curiam)).

This Order closes this case. If the Second Circuit authorizes Petitioner to proceed in this matter, Petitioner must first move to reopen the case under this docket number. The Clerk of the Court is ordered to mark this matter as CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
February 13, 2007